UNITED STATES DSTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ERIC MORENO,

Plaintiff,

vs.                                                     Case No.:

SYX SERVICES, INC.,

Defendant.

## COLLECTIVE ACTION COMPLAINT

1. Plaintiff, ENRIQUE MORENO ("Plaintiff"), was an employee of Defendant, SYX SERVICES, INC. ("Defendant"), Plaintiff and brings this action on behalf of himself and other similarly situated employees of Defendant for overtime compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq.

2. At all times material hereto, Plaintiff performed non-exempt sales duties on behalf of the Defendant in Dade County, Florida, within the jurisdiction and venue of this Court.

3. Plaintiff was hired by Defendant in approximately December 2010, and worked for Defendant until approximately April 2012.

4. Based upon the information preliminarily available, and subject to discovery in this cause, Defendant did not compensate Plaintiff, and those similarly situated employees, for all overtime hours worked in a work week.

5. Defendant, SYX SERVICES, INC., owns and/or operates a company for profit in County, Florida, and employs persons such as Plaintiff and other similarly situated employees to work on his behalf in providing labor for his practice. This Defendant is within the personal jurisdiction and venue of this Court.

1

6. At all times material hereto, Defendant SYX SERVICES, INC., managed, owned and/or operated a retail business, and regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate of pay of employees, and control the finances and operations of such business. By virtue of such control and authority, SYX SERVICES, INC., was an employer of Plaintiff as such term is defined by the Act. 29 U.S.C. §201 et seq.

7. Defendant directly or indirectly acted in the interest of an employer towards Plaintiff and other similarly situated employees at all material times, including without limitation directly or indirectly controlling the terms of employment of Plaintiff and other similarly situated employees.

8. At all times material hereto, Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendant.

9. This cause of action is brought to recover from Defendant overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b) on behalf of Plaintiff and all other current and former employees similarly situated during the material time.

10. The records, if any, concerning the number of hours worked by Plaintiff and all other similarly situated employees as Plaintiff are in the possession and custody of Defendant.

11. The records, if any, concerning the compensation actually paid to Plaintiff and all other similarly situated employees are in the possession and custody of Defendant.

12. Subject matter jurisdiction is conferred on this Court by 28 U.S.C. §1337 and by 29 U.S.C. §216(b). The Court has supplemental jurisdiction over the Plaintiff's claims arising under state law.

13.     At all times pertinent to this Complaint, Defendant owned an operation and was an enterprise engaged in interstate commerce or in the production of interstate commerce as defined by the Act, 29 U.S.C. §203(r) and 203 (s).  Based upon information and belief, the annual gross sales volume of the Defendant's business was in excess of $500,000.00 per annum at all times material hereto.  Alternatively, the Plaintiff and those similarly situated employees worked in interstate commerce so as to fall within the protections of the Act.

14.     At all times pertinent to this complaint, Defendant failed to comply with Title 29 U.S.C. §§ 201–209 in that Plaintiff and those similarly situated employees performed services and labor for Defendant for which Defendant made no provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for the period of time each day they were engaged to wait on behalf of Defendant.

15.     The additional persons who may become Plaintiffs in this action are Defendant's non-exempt employees who have worked in excess of Forty (40) hours during one or more work weeks on or after April 22, 2009, and did not receive time and one-half of their regular rate of pay for all of the hours they worked over Forty (40) in one or more work weeks.

16.     Plaintiff has retained the Jaffe Glenn Law Group, P.A. to represent him individually and incurred attorneys' fees and costs in bringing this action.  Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

17.     Plaintiff realleges and incorporates here by reference, all allegations contained in Paragraphs 1 through 16 above.

18.     Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of Forty (40) hours per work week.

19. All similarly situated employees of Defendant are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

20. Defendant knowingly and willfully failed to pay Plaintiff and the other similarly situated to him at time and one half of their regular rate of pay for all hours worked in excess of forty (40) hours per week.  The failure of Defendant to compensate Plaintiff at his given rate of pay for all hours worked is in violation of the FLSA.

21. Defendant, therefore, is liable to Plaintiff, and others similarly situated, in the amount of their unpaid hours and overtime compensation.

22. By reason of the said intentional, willful, and unlawful acts of Defendant, Plaintiff and those similarly employees have suffered damages plus incurring costs and reasonable attorneys' fees.

23. As a result of Defendant's willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages.

WHEREFORE, Plaintiff, ERIC MORENO, and those similarly situated to him, demand judgment, jointly and severally, against Defendant, SYX SERVICES, INC., for the payment of compensation for all overtime hours at one and one-half their regular rate of pay due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief including prejudgment interest.

## DEMAND FOR JURY TRIAL

24. Plaintiff demands trial by jury as to all issues so triable.

Dated:  April 22, 2012						Respectfully submitted,
								s/ Andrew I. Glenn_____
								Andrew I. Glenn, Esq.
								E-mail:  AGlenn@JaffeGlenn.com

                                          Florida Bar No.:  577261
                                          Jodi J. Jaffe, Esq.
                                          E-Mail:  jjaffe@jaffeglenn.com
                                          Florida Bar No.:  865516
                                          Jaffe Glenn Law Group, P.A.
                                          12000 Biscayne Boulevard
                                          Suite 707
                                          Telephone: (305) 726-0060
                                          Facsimile: (305) 726-0046
                                          Attorneys for Plaintiff